UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL PRICE,

    Plaintiff,

v.                                    Case No. 8:25-cv-3398-KKM-AEP

THE INDIVIDUALS,
PARTNERSHIPS, and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A.,

    Defendants.
_____

## ORDER

Joel Price moves for a preliminary injunction or, in the alternative, a second extension to an *ex parte* temporary restraining order against the unknown individual(s), partnership(s), or unincorporated association(s) identified on Schedule A. Mot. (Doc. 19). This Court issued the TRO on December 29, 2025, Doc. 12, and extended it on January 9, 2026, Doc. 18. Finding good cause and because fewer than twenty-eight days have passed since the initial TRO, this Court grants-in-part the motion and extends the TRO through Monday, **January 26, 2026**.

As background, Price is the owner of the federally registered trademark identified in Exhibit 2 (the "Mark"). Compl. (Doc. 1). Price identified 102

different "Seller IDs" that, through a variety of e-commerce stores, have advertised, promoted, offered for sale, or sold goods bearing and using what Price has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Mark. TRO Mot. (Doc. 11) at 2–4, 7–9; Sch. A (Doc. 2-1). Among other relief, the TRO required third-party platforms and banks to restrain the transfer of defendants' funds and provide Price with information to identify the defendants. TRO at 9–10.

Price avers that, since the Court's TRO and subsequent extension, he has made "diligent efforts to secure compliance . . . with varying degrees of success." Mot. at 4. For example, eBay confirmed on January 14 that it froze some of the defendants' accounts and provided related contact information. *Id.* Amazon acknowledged the TRO for the first time on January 22, *id.*, and e-commerce platforms Alibaba and TikTok "have not complied at all." *Id.*

There continues to be good cause to believe that more counterfeit and infringing products bearing Price's trademark will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Price may suffer loss of sales.

Nonetheless, without the consent of the parties, a district court cannot indefinitely extend a temporary restraining order, which converts to a preliminary injunction after twenty-eight days have passed. *See Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1193 (11th Cir. 1995). But before a preliminary

injunction can issue, the defendants must receive notice of the motion and an opportunity to respond.

Accordingly, the following is **ORDERED**:

1. Price's motion for a temporary restraining order (Doc. 19) is **GRANTED-IN-PART** and **DENIED-IN-PART.** The Temporary Restraining Order (Doc. 12) shall remain in effect through Monday, **January 26, 2026**, three calendar days from the date of this entry.

2. No later than **January 27, 2026**, Price must serve a copy of the Complaint, (Doc. 1), this Order, and the Motion for Preliminary Injunction (Doc. 19), on the defendants. No later than **January 28, 2026,** Price must file a notice confirming that he has complied with this instruction or otherwise explain what efforts he has taken to ensure that the defendants have received notice.

3. The defendants must respond to the Motion for Preliminary Injunction (Doc. 19) no later than **February 2, 2026**.

4. A hearing on the Motion for Preliminary Injunction (Doc. 19) will be held before the undersigned in Courtroom 13B, 801 North Florida Avenue, Tampa, Florida, on **February 4, 2026**, at 10:00 AM. The parties are further directed to file "each paper" on which they rely no later than **February 2, 2026**. *See* Local Rule 6.02.

5. All parties are directed to strictly comply with the procedures set forth in Middle District of Florida Local Rule 6.02.

**ORDERED** in Tampa, Florida, on January 23, 2026.

Kathryn Kimball Mizelle
United States District Judge