**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOEL PRICE,

      Plaintiff,

v.                                                                    Case No. 8:25-cv-3398-KKM-AEP

THE INDIVIDUALS,
PARTNERSHIPS, and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A.,

      Defendants.

_____

## **ORDER**

On December 12, 2025, Plaintiff Joel Price filed this action alleging that

102 anonymous defendants are infringing his trademark. *See* Compl. (Doc. 1).

Instead of identifying defendants by name, he filed Schedule A, (Doc. 2-1),

under seal, which lists them by their "Seller IDs." *See* Mot. to Seal (Doc. 2) at

2. Upon review of Schedule A and the allegations in the complaint, the Court

is concerned that joinder of the defendants might be improper. The Court

orders Price to show cause why the defendants—aside from the first defendant

listed on Schedule A—should not be severed and dismissed from this action.

Federal Rule of Civil Procedure 20 provides two requirements for joining

defendants in a single action. First, "any right to relief" must be "asserted

against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). Second, there must be a "question of law or fact common to all defendants [that] arise[s] in the action." *Id.* 20(a)(2)(B).

"In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to FED. R. CIV. P. 13(a) governing compulsory counterclaims." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *see also Louis Vuitton Malletier v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A,"*, 2025 WL 2256518, at *1 (S.D. Fla. Feb. 28, 2025) (same).

"[T]ransaction" is a "flexible" term, and "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Alexander*, 207 F.3d at 1303 (quoting *Moore v. New York Cotton Exch.,* 270 U.S. 593, 610 (1926)). Accordingly, courts ask whether "there is a logical relationship between the underlying operative facts and the claims brought." *Louis Vuitton*, 2025 WL 2256518, at *1. A logical relationship exists between claims "when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise

dormant, in the defendant.*" Id.* (quoting *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (per curiam)).

The complaint does not allege that the defendants are related or acted jointly. The only commonalities that Price alleges in the filings are that the defendants violated the same trademark and some of the defendants' products appear similar or identical. *See* Compl.; Sch. B (Doc. 2-2). But "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)).

Price offers no authority to rebut the conclusion shared by many courts that "a plaintiff cannot satisfy Rule 20's requirements merely by alleging that multiple defendants have infringed the same intellectual property." *Tushbaby, Inc. v. Corps., Ltd. Liab. Cos., & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 3741359, at \*2 (S.D. Fla. Aug. 9, 2024) (collecting cases).

In the light of these concerns, the following is **ORDERED:**

1. No later than **February 6, 2026**, Plaintiff Joel Price shall show cause why defendants—aside from the first Defendant on Schedule A—should not be severed and dismissed.

**ORDERED** in Tampa, Florida, on February 4, 2026.

Kathryn Kimball Mizelle
United States District Judge

4