UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL PRICE,

    Plaintiff,

v.                                    Case No. 8:25-cv-3398-KKM-AEP

THE INDIVIDUALS,
PARTNERSHIPS, and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A.,

    Defendants.
_____

# ORDER

Plaintiff Joel Price filed this action alleging that 102 anonymous sellers are infringing his trademark. *See* Compl. (Doc. 1). The Court orders Price to file an amended complaint that identifies each defendant by legal name to the extent he has such information.

By way of background, the case caption in the complaint lists as defendants "The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A." *See id.* at 1. Price filed Schedule A under seal, Doc. 2-1, which is a spreadsheet that identifies sellers by what Price calls their "business names." Compl. ¶ 10. According to the complaint, a "business name" is either a "Seller ID" or "Subject Domain Name" depending on how the seller

operates. *See id.* 10–11. A "Seller ID" refers to a seller who operates on "internet-based e-commerce stores and Internet marketplace websites." *See id.* ¶ 11. A "Subject Domain Name[]"refers to a seller who uses a freestanding website to sell goods instead of a third-party marketplace. *See id.* ¶¶ 11–12; Schedule A.

Of course, Schedule A itself is not a defendant in this action, nor does it identify the actual defendants. And what natural person or corporate entity a "Seller ID" or "Subject Domain Name" represents remains unclear. Thus, as currently alleged, the complaint identifies no defendants. Compl. ¶ 12.

At a recent hearing, Price's counsel reported that Price received identifying information as to (more or less) ninety-five of the 102 business names listed on Schedule A. Hr'g.[1,2] As of the date of the hearing, Price represented that all ninety-five were emailed notice of the hearing by Price, and thirty of the ninety-five have been in direct communication with Price's counsel. *Id.* Still, Price has not amended his complaint to name the defendants or filed any paper that identifies these defendants. Indeed, the day after the

---

[1] Price used a Powerpoint at the hearing that included information that is not already in the record. The Court directed Price's counsel to file the Powerpoint on the docket, but Price has not done so.

[2] Other courts have confronted the question of whether to permit a plaintiff to proceed against an otherwise unidentifiable defendant operating on the internet. *See* 14 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1067.6 (4th ed.).

hearing, Price filed a notice reporting the settlement and dismissal of all claims against seven "defendants" who are identified only by their Seller ID or Domain Name. *See* Notice (Doc. 28) at 1–2. The Notice purports to apply to "the above-identified Defendants, including any aliases, storefronts, account names, or online identifiers associated with such Defendants as reflected in Schedule A." *Id.* at 2. But without knowing who the real party is, the Court cannot ascertain who is bound by any such settlement agreement or dismissal.

In addition to not knowing who has (allegedly) been dismissed from this case, the use of "business names" presents other problems. First, the Court does not know whether the defendant is an entity or a natural person. The distinction matters, particularly with pro se parties. For example, it is a well-settled rule that a corporation may not appear in court pro se. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. . . . The general rule applies even where the person seeking to represent the corporation is its president and major stockholder."). Second, without knowing the defendants' identities, the Court cannot determine who has received notice as required to enter a preliminary injunction. *See* FED. R. CIV. P. 65. Third, the Court does not know how many defendants exist in this case, if they are related, or whether their conduct arises from the same operative facts. *See*

3

Order to Show Cause (Doc. 34). None of these problems are necessary—Price has the information for ninety-five of the "business names" on Schedule A and he must amend to identify the defendants. To the extent helpful as Price suggests, *see* Response (Doc. 39), Price should identify the platform that each defendant used to sell the allegedly infringing products.

In the light of these concerns, the following is **ORDERED:**

1. No later than **February 10, 2026**, Price shall file an amended complaint that identifies each defendant, whether a natural person or corporate entity, by legal name to the extent he has such information.

2. No later than **February 11, 2026**, Price must provide notice to each of the defendants of the continuance of the preliminary injunction hearing to **February 20, 2026**, at 1 p.m. Price must also provide notice to each defendant that the response deadline to the motion for preliminary injunction is **February 17, 2026**. No later than **February 12, 2026**, Price must submit proof on the docket of such notice to each defendant.

**ORDERED** in Tampa, Florida, on February 6, 2026.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

4